IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**ROY GIESSON AND DONALD LEE**

vs.                                                          CIVIL ACTION:
                                                             JURY REQUESTED

**INTEC COMMUNICATIONS, LLC. AND
TEKKCOMM, LLC.**

PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

INTRODUCTION

1. The named Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendants. Defendants have failed to pay Plaintiffs and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities. For themselves the named Plaintiffs seeks their unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

PARTIES

2. The named Plaintiffs, ROY GIESSON AND DONALD LEE were employees of the Defendants. The Plaintiffs bring this action to recover unpaid compensation due them.

3. The Defendant INTEC COMMUNICATIONS, LLC. does business in the Eastern District of Texas and can be served through its registered agent, Sukhi Jolly, 1207 S. White Chapel Blvd.,

**PLAINTIFFS COMPLAINT**
**Page 1**

Suite 200, Southlake, Texas 76092.  The Defendant TEKKCOMM, LLC. , does business in the Eastern District of Texas and can be served through its registered agent, United States Corporation Agents, Inc., 1100 Poydras St., Ste. 2900, New Orleans, Louisiana 70163.

4. At all times relevant to this lawsuit, the Defendants have employed and continue to employ a substantial number of employees in non-exempt work.   Defendants business operation in the Eastern District of Texas, is, at present, and was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

## JURISDICTION

5.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337.  This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

## FACTS

6.   Plaintiffs were hired by Defendants on or about November 5, 2018, for the installation of fiber optics to the residents in the East Texas area, mainly consisting of locations in the Lufkin, Arp and Troup areas.

7. Each morning, Plaintiffs would receive a list of jobs that were to be completed for the day.

8. The list of jobs came from Paul Cook, Ethan Barkley, and/or Mike Bynum, who were employed by the Defendants.

9.  The materials needed for the jobs to be performed were supplied by Suddenlink Communications.

10.. Plaintiffs would put in a material supply list every Sunday, and pick up the needed material at Suddenlink Communications, in Tyler, Texas.

11. Plaintiffs were not paid for picking up supplies.

**PLAINTIFFS COMPLAINT**
**Page 2**

12. Defendants would provide the addresses in which the work was to be completed.

13. Plaintiffs would then drive to said addresses, and install either aerial or temporary underground drops from fiber enclosures to the residents houses.

14. Plaintiffs were not paid for driving to the locations at which they worked.

15. Plaintiffs were not reimbursed for the expenses of travel to the locations at which they worked.

16. Plaintiffs would also have to verify light levels at completed locations, pursuant to requests from Suddenlink Communications.

17. If Plaintiffs received a call from Paul Cook, Ethan Barkley, and/or Mike Bynum regarding an outage, Plaintiffs would immediately stop their work, and attempt to resolve the problem.

18. Plaintiffs were not allowed to work for any other contractor or company, only Suddenlink Communications.

19. Plaintiffs usually worked approximately 60 hours a week.

20. Defendants did not keep track of the hours worked by Plaintiffs.

21. At all times relevant hereto, Defendants have been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

22. At all times relevant hereto, Defendants have been an employer subject to the wage and hour provisions of the FLSA.

23. Defendants have repeatedly and willfully violated, and continue to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff and others for all overtime hours worked.

24. Plaintiffs were employed in positions which are not exempt from the requirement that they be

compensated for their hours of work by the payment of straight time and overtime. Defendants have repeatedly and consistently failed to pay Plaintiff and others for all time worked and overtime hours.

25. The evidence at trial will show that Plaintiffs and others were not paid for all hours worked.

26. Plaintiffs believe, and thereby allege that the failure of Defendants to pay for all hours worked and overtime hours to Plaintiffs was intentional.

27. An employer that violates the FLSA is liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Moreover, "any person who repeatedly or willfully violates [the FLSA], relating to wages shall be subject to a civil penalty not to exceed $1,100 for each such violation." § 216(e)(2).

28. Defendants have repeatedly violated the Fair Labor Standards Act.

## REQUESTED RELIEF

29. Plaintiffs have suffered and continue to suffer damages as a result of the Defendants failure and refusal to pay proper compensation, as shown above, because of the Defendants continued violations of the FLSA. Plaintiffs are entitled to judgment granting them damages in the amount of the difference between the partial wages actually received by the Plaintiffs and the full wages they are entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities, and attorney fees.

30. Plaintiffs, in addition for their claims for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

## JURY DEMAND

31. Plaintiff requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be granted:

1. Ordering the Defendants to pay the Plaintiffs compensation due as a result of Defendants violation of the FLSA;

2. Ordering Defendants to pay the Plaintiffs liquidated damages;

3. Ordering Defendants to pay the Plaintiffs a civil penalty not to exceed $1,100.00 for each violation of the FLSA.

4. Granting injunctive relief by ordering Defendants to comply with the requirements of the FSLA.

5. Ordering Defendants to pay Plaintiffs costs of court in this action;

6. Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

7. Providing such other and further relief as is just and necessary.

Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiffs