**Brett Field**
State Bar No. 24050596
STROMBERG STOCK, P.L.L.C.
8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: Brett@strombergstock.com
*Attorney for Defendant, Intec Communications, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ROY GIESSON and DONALD LEE,** | § § § | |
| Plaintiffs, | § § § | **CIVIL ACTION:** **2:19-cv-00173-JRG** |
| v. | § § | |
| **INTEC COMMUNICATIONS, LLC and TEKKCOMM, LLC** | § § § § | |
| Defendants. | § | |

### INTEC COMMUNICATIONS, LLC'S MOTION
### TO DISMISS OR FOR MORE DEFINITE STATEMENT

**COMES NOW INTEC COMMUNICATIONS, LLC ("Intec")**, a Defendant herein, who files this its Motion to Dismiss or For More Definite Statement under Rules 8(a) and (d), and 12(b)(6), 12(e) and 12(f) of the Federal Rules of Civil Procedure, as to Plaintiff's Original Complaint ("the Complaint"), and in support thereof, would show as follows:

### A.   SUMMARY OF THE MOTION

Plaintiffs Roy Giesson and Donald Lee ("Plaintiffs") state that the gravamen of their Complaint is that they was not paid for all hours worked, including overtime for work they allegedly performed in excess of 40 hours per week while employed by the named Defendants. Plaintiffs do not specifically state which of the named Defendants employed them (Intec has no

record of ever employing said Plaintiffs). As against Intec, however, Plaintiffs have plead no facts which allege any specific wrongdoing by Intec or what Intec allegedly did in connection with co-defendant Tekkcomm, LLC ("Tekkcomm"). Instead, the Complaint references Suddenlink Communications ("Suddenlink"), but Suddenlink is not a named party to the lawsuit. The Complaint fails to meet the minimum requirements of pleading under the Federal Rules of Civil Procedure, and it should therefore be dismissed or the Plaintiff should be forced to replead with more specificity.

## B. PROCEDURAL BACKGROUND

1. The Complaint alleges against Intec and Tekkcomm violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §216 ("FLSA").

2. There are no factual averments in the Complaint which specifically identify what actions or failure to act are alleged to have been committed by Intec. Instead, Plaintiffs make conclusory statements that Defendants, jointly and severally, hired and employed the Plaintiffs and supervised the Plaintiffs. The Plaintiffs, however, also indicate that Suddenlink provided them with materials for the jobs they completed, which the Plaintiffs obtained from Suddenlink in Tyler, Texas. The Plaintiffs also assert that they were prohibited from working for any other contractor or company other than Suddenlink. The Plaintiffs, however, never provide any facts about what Intec did or did not do specifically, nor is Intec even mentioned in the Complaint other than as a party to the litigation, and without supporting facts the allegations are nothing more than conclusions to which Intec is unable to determine what it is alleged to have done wrong.

3. The Complaint also contains certain allegations which are not alleged to have occurred jointly and severally, but instead simply name "Defendants." These allegations are all conclusory and do not identify which defendant is alleged to have committed the act or failed to

commit the act complained of, again making it impossible to know what Intec has allegedly done or failed to do that is improper.

4. In particular, the Complaint fails to specify any acts, omissions or statements *by Intec* which, even if made as alleged, constitute actionable misconduct *by Intec*. A discussion of the specific allegations (in bold) and their insufficiencies is illustrative of the paucity of any pleading of wrongdoing as to Intec.

A. **Plaintiffs aver that they were hired by the Defendants on or about November 5, 2018. (Complaint @ ¶ 6, p. 2).**

There is no fact pled that supports this conclusory statement as to Intec. It is not alleged that Intec ever hired or paid the Plaintiffs or was responsible for payment to the Plaintiffs or how Plaintiffs were employed by Intec.

B. **Plaintiffs aver that "Defendants would provide the addresses in which the work was to be completed." (Complaint @ ¶ 12, p. 3).**

Again, there is no fact pled that supports this conclusory statement, nor is there anything tying Intec to any relationship with the Plaintiffs.

C. **Plaintiffs assert that "Defendants have repeatedly and willfully violated, and continue to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiffs and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff and others for all overtime hours worked." (Complaint @ ¶ 23, p. 3).**

It is unclear if Plaintiffs assert they were hired by Tekkcomm or Intec and which company allegedly failed to pay them and whether this claim is for unpaid regular time, unpaid overtime, or both. The allegation further fails to address the specific sections of the FLSA violated.

D.   **"The materials needed for the jobs to be performed were supplied by Suddenlink Communications." (Complain t @ ¶ 9, page 2).**

The Complaint is devoid of any allegation that indicates how Suddenlink is or may be connected with the named Defendants, and does not allege that Intec provided any equipment required for the work they completed.

E.   **"Plaintiffs usually worked approximately 60 hours per week." (Complaint @ ¶19, p. 3).**

This is a conclusory statement with no facts pled to support it. It does not state for which Defendants the Plaintiffs worked and how the Defendants are allegedly connected.

F.   **Defendants did not keep track of the hours worked by Plaintiffs (Complaint @ ¶ 20, p. 3).**

This is a conclusory statement with no fact pled which supports it and no allegation of which Intec had any duty to track the hours of the Plaintiffs. There is nothing here that alleges misconduct by Intec.

G.   **Plaintiffs assert that Defendants violated FLSA (Complaint @ ¶ 28 and 29, p.4).**

This statement is conclusory based on the previously addressed conclusory statements, and does not show that Intec ever employed the Plaintiffs or how or why Intec owed any duty to pay Plaintiffs for regular or overtime work, how Intec would be responsible for Plaintiff's time records or what duty Intec has to maintain records for an employee of another company.

4.   In short, there are no facts pled which indicate Intec's involvement with the Plaintiffs, a duty owed to the Plaintiffs by Intec or wrongdoing by Intec against the Plaintiffs. The Plaintiffs do not allege that Intec ever paid them regular wages, let alone overtime wages. The Plaintiffs also do not allege specific misconduct against Intec, instead simply grouping the

defendants together in the alleged wrongdoing. The Complaint attempts to sidestep the burden of pleading Intec's wrongdoing by the clever conceit of casting Intec into a "blame group" of alleged wrongdoing with Tekkcomm and Suddenlink (curiously Suddenlink is not a party to the lawsuit despite the allegations of control over the Plaintiffs), never specifying Intec's role, if any, or what Intec has done in furtherance of the alleged wrongdoing.

5. For the reasons detailed above, the Plaintiff's conclusory allegations do not meet the pleading specificity requirements for a violation of the FLSA under the Federal Rules of Civil Procedure - - the who, when, where, how and why of any participation by Intec - - and they do not constitute sufficient notice to Intec to allow it a fair opportunity to know of what it is accused of and the chance to properly respond.

6. For these reasons, Intec prays that the Complaint be dismissed or, alternatively, that this Court order that Plaintiffs provide a more definite statement as required by the Federal Rules of Civil Procedure.

WHEREFORE, Intec prays that the Complaint be dismissed as to Intec, or alternatively, that the Plaintiffs be required to plead facts specifically as to Intec's involvement in the alleged wrongdoing.

Respectfully submitted,

**STROMBERG STOCK, P.L.L.C.**

By: /s/ Brett Field
Brett Field
State Bar No. 24050596
8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: Brett@strombergstock.com
**ATTORNEYS FOR INTEC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon counsel for Plaintiffs, and upon all counsel of record, by U. S. First Class Mail, postage prepaid and by ECF on this the 14th day of June, 2019.

Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903) 593-5588
*Attorney for Plaintiffs*

_____
Brett Field