**Brett Field**
**State Bar No. 24050596**
**STROMBERG STOCK, P.L.L.C.**
**8750 North Central Expressway, Suite 625**
**Dallas, Texas 75231**
**Telephone: (972) 458-5353**
**Facsimile:   (972) 861-5339**
**E-mail:** Brett@strombergstock.com
*Attorney for Defendant, Intec Communications, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ROY GIESSON and DONALD LEE,** | § | |
| | § | |
| | § | **CIVIL ACTION:** |
| **Plaintiffs,** | § | **2:19-cv-00173-JRG** |
| | § | |
| **v.** | § | |
| | § | |
| **INTEC COMMUNICATIONS, LLC and** | § | |
| **TEKKCOMM, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## BRIEF IN SUPPORT OF MOTION OF INTEC COMMUNICATIONS, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

**COMES NOW Intec Communications, LLC,** ("Intec"), a Defendant herein, who files this its Brief in Support of its Motion to Dismiss or for More Definitive Statement under Rules 8(a) and (d), and 12(b)(6), 12(e) and 12(f) of the Federal Rules of Civil Procedure, as to Plaintiff's Original Complaint filed on May 15, 2019 ("the Complaint"), and would show as follows:

### A.   SUMMARY OF THE MOTION

*"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citations omitted].   Factual allegations must be enough to raise a right to relief above the speculative level [citations*

*omitted]."*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Complaint filed by Roy Giesson and Donald Lee ("Plaintiffs") seeks to recover damages for alleged non-payment of regular and/or overtime pay under the Fair Labor Standards Act, as amended, 29 U.S.C. §216 ("FLSA"). The Complaint fails to even allege the bare elements of the claims asserted, and asserts these claims collectively against the Defendants, but as against Intec, Plaintiffs failed to allege any specific wrongdoing or involvement. In fact, Intec is not even mentioned in the Complaint other than as a party to the lawsuit. The Complaint fails to meet the minimum "plausibility" requirements of pleading under the Federal Rules of Civil Procedure in addition to failing to plead specific facts when alleging violations of the FLSA, and it should therefore be dismissed.

## B. PROCEDURAL BACKGROUND

By this reference, Intec incorporates herein its references to the Complaint and the procedural background set as out in Intec's Motion to Dismiss for More Definite Statement.

## C. MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT AND SUPPORTING BRIEF

1.      The general requirements for a plaintiff's pleadings are found in Rule 8(a) of the Federal Rules of Civil Procedure, which require, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this Rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). In analyzing a complaint for purposes of a motion to dismiss, the trial court is confined to the complaint itself, and the documents attached to the complaint. *See Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012).

2.     The United States Supreme Court revisited the requirements of Rule 8(a)(2), and held that the Rule embodies a plausibility requirement, requiring sufficient facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] To state a claim that is plausible on its face, a plaintiff must provide more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]. *Iqbal*, 556 U.S. at 678. [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *See Id.* Rather, the factual content the plaintiff is required to plead plead must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* While the pleader need not show that he will probably prevail, a pleading that provides no more than a sheer possibility that a defendant has acted unlawfully will not suffice. *See Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* But where the well-pleaded facts do not permit the court to infer more than the mere mere possibility of misconduct, the complaint has alleged - - but it has not "show[n]" - - "that the pleader is entitled to relief." *Id.* at 679. The Supreme Court instructed that while factual allegations must be accepted as true by the trial court,[2] threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 678. A Court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See Id.* at 679.

3.     Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

---

[1]  *See also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Jones v. Bock*, 549 U.S. 199, 212 (2007).
[2]  *See also Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.* (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

4.    For the reasons detailed above, the Plaintiffs' frustratingly general and entirely conclusory allegations do not meet the pleading specificity requirements for a complaint under the Federal Rules of Civil Procedure, and they do not constitute sufficient notice to Intec to allow it a fair opportunity to know of what it is specifically accused of and the chance to properly respond. Plaintiffs repeatedly assert that "Defendants" committed actions, but with no specific facts to support what Intec specifically did or did not do.

## D. CONCLUSION

Therefore, Intec prays that the Complaint be dismissed or, alternatively, that this Court order that Plaintiff replead facts as required by the Federal Rules of Civil Procedure.

WHEREFORE, Intec prays that the Complaint be dismissed as to Intec, or alternatively, that the Plaintiffs be required to plead facts specifically as to Intec's involvement in the alleged wrongdoing.

Respectfully submitted,

**STROMBERG STOCK, P.L.L.C.**

By: _____
Brett Field
State Bar No. 24050596
8750 North Central Expressway, Suite 625
Dallas, Texas   75231
Telephone: (972) 458-5353
Facsimile:    (972) 861-5339
E-mail: Brett@strombergstock.com
**ATTORNEYS FOR INTEC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon counsel for Plaintiffs, and upon all counsel of record, by ECF and U. S. First Class Mail, postage prepaid, on this the ___ day of June, 2019.

_____
BRETT FIELD