**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN  DISTRICT OF TEXAS
MARSHALL  DIVISION**

**ROY GIESSEN AND DONALD LEE**


**vs.**                                          **CIVIL ACTION: 2:19-CV-00173-JRG
                                                  JURY REQUESTED**


**INTEC COMMUNICATIONS, LLC. AND
TEKKCOMM, LLC.**


PLAINTIFFS THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1.     The named Plaintiffs allege  violations of the Fair Labor Standards Act ("FLSA")
entitlement of the right to receive pay for all time worked for Defendants.  Defendants have
failed to pay Plaintiffs and others similarly situated for continuous workday activities which are
integral and indispensable to their  principal activities.  For themselves  the named Plaintiffs
seeks their unpaid wages, overtime, liquidated damages, all available equitable relief, attorney
fees, and litigation expenses/costs, including expert witness fees and expenses.

**PARTIES**

2.    The named Plaintiffs, ROY GIESSON AND DONALD LEE were employees of the
Defendants.    The Plaintiffs  bring this action to recover unpaid compensation due them.

3.   The Defendant INTEC COMMUNICATIONS, LLC. does business in the Eastern District of
Texas and can be served through its attorney of record, Brett Field, Attorney at Law, 8750 North

**PLAINTIFFS THIRD  AMENDED COMPLAINT
Page 1**

Central Expressway, Suite 625, Dallas, Texas 75231.  The Defendant TEKKCOMM, LLC. , does

business in the Eastern District of Texas and can be served through its registered agent, United

States Corporation Agents, Inc., 1100 Poydras St., Ste. 2900, New Orleans, Louisiana 70163.

4.  At all times relevant to this lawsuit, the Defendants have employed and continue to employ a

substantial number of employees in non-exempt work.   Defendants business operation in the

Eastern District of Texas, is, at present, and was at all times relevant to this lawsuit, engaged in

the performance of related activities through unified operation or common control for a common

business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

**JURISDICTION**

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. §

1337.  This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

**FACTS**

6.     Plaintiffs were hired by Defendants on or about November 5, 2018, for the installation of fiber optics to

the residents in the East Texas area, mainly consisting of locations in the Lufkin, Arp and Troup areas.

7.  Each morning, Plaintiffs would receive a list of jobs that were to be completed for the day.

8.   Mike Bynum is/was the director of operations at Intec Communications.     On or about October 28,

2018, Mike Bynum participated in text messages with Plaintiffs, which contained in part the following,

"Mike, Zack and I are needing to know when and where we will be going to do fiber drops.........." and

ending with "Nothing has changed for now" from Mike Bynum.   (See Exhibit "A" attached hereto).

9.  Document attached hereto as "Exhibit A-1" reflects that Mike Bynum was the director of operations at

Intec Communications, LLC.


**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 2**

10. Document attached hereto as "Exhibit  A-2", reflects the role that Intec and Mike Bynum performed as the employer of the Plaintiffs.   "No my calls aren't going through not even ringing" "To who"   "Hmmm. Maybe we should text Paul Cook or Mike Bynum?"   "Probably Mike"   "Ok.  I will text hiim and copy you in it."  Page 2 of Exhibit "A-2" "Guys I was informed if routes get dropped Mike will pull out of the field completely.   We will get the pay resolved, you have my word on that."  "Ethan tell Mike to have $177.00 added to my check.  That's to cover the nsf fees for all the bills that went through, expecting that my check was going to be deposited."   Page three of Exhibit A-2, "I got the one from you, but Mike Bynum was supposed to pay me for 13 drops and that has not taken place."   Page four of Exhibit A-2 "Paul, Intec was supposed to be sending you a check for me for work that protek never paid me for.  I need it pretty bad.  Can you let me know when I can get it" ""Well I'm getting totally jerked around by Ethan than.  He told me that Intec was sending you a check for me."   "Call Mike Bynum".     Page five of Exhibit A-2, "Hey Paul, Mike Bynum is supposed to be adding 13 fiber drops to you so I can finally get paid this week.  Can you please let me know when I can expect the money?"  Page six of Exhibit A-2, "Will this Friday's check have work from 11/3 to 11/9, plus the 13 drops that Mike Bynum was giving you to pay me?  I'm just getting all my finances resolved.  Appreciate it."   Page seven of Exhibit A-2, "Hey Paul, tomorrow's check should have 39 drops, PLUS the 13 that Mike Bynum still owes me correct?"   Page eight of Exhibit A-2, "For the week of 11/7-11/23 I need any billing for non accounts in icoms so I can send into Intec to be paid.   I need that by noon on Thursdays" Page nine of Exhibit A-2, "As of now we have turn in all of you the info you guys have given us and we are waiting on Intec to research it.  Once they do that and release payment to us we will make payment to you guys."

11. Document attached hereto as Exhibit A-3,  is communication with Mike Bynum.  On page one of

**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 3**

Exhibit A-3, Mike Bynum states in part "IT is working on it but you'll have your work by morning.  From me or Paul."    The response is "Thanks mike I really appreciate it" "Installs or fiber?"   The response by Mike Bynum is "Fiber".    The response is "I need a splicer.  Ethan took mine to Dallas."   The response by Mike Bynum is "We'll work on that, may have to work as a team for a few days."

12. Luis also worked for Intec Communications.   On about November 14, 2018, Luis participated in text messages with Plaintiffs, which contained in part the following, "

Luis,   "Zack and I did not get paid. This is a serious issue. I sent an email detailing what I was owed and nobody replied and today I did not get paid nor did Zack"    The response by Luis with Intec Communications in part was "We are working on it. I was not part of how you guys close your orders and get them bill into SOL. So I have no way for me to keep track of it. That's why this happens. Once I understand how the prices of you guys turning in the completed work and get them closed out correctly them the payment will be done correctly."   (See Exhibit "B" attached hereto).

13.   Additional communication from Ethan Barkley with Intec Communications is "Roy Glesson-Intec". (See Exhibit "C" attached hereto).

14. Communication with Plaintiffs and  Paul Cook, with Tekkcomm, LLC. "Good Question.  Never got that from Intec.  I need to get that from them.  Thanks for reminding me."    (See Exhibit "D" attached hereto).

15. Communication with Plaintiffs and Paul Cook, with Tekkcomm, LLC., "Paul, Intec was supposed to be sending you a check for me for work that protek never paid me for.  I need it pretty bad.  Can you let me know when I can get it?" Response from Paul Cook  "I didn't get anything like that".   "Well I'm getting totally jerked around by Ethan than.  He told me that Intec was sending you a check for me." Response by Paul Cook  "Idk why he even told you that."  "Call Mike Bynum."   (See Exhibit "E" attached hereto).

16. Communication with Plaintiffs and  Paul Cook, with Tekkcomm, LLC., "Billing is going to be a mess. I

**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 4**

have to rely on intech dispatch to close out SRO's, Suddenlink to close out sro with no account numbers, and I won't know until i get my draft what was paid out." (See Exhibit "F" attached hereto).

17. Communication with Plaintiffs and Paul Cook, with Tekkcomm, LLC., "Can you send me not only today's production, but for week ending 11/23 for Arp and non accounts built in icoms. My Intec payroll girl is asking for them. I think she's trying to get everything done early." (See Exhibit "G" attached hereto).

18. Communication with Plaintiffs and Paul Cook, with Tekkcomm, LLC. Can you please send me the following: 1. Tekkcomm's official office address. 2. Intec's official office address 3. Suddenlink accounts payable address and contact person. Thank you." "I'm sure you can find all this on your own. And I hope you go down that route." (See Exhibit "H" hereto).

19. Communication with Plaintiffs and Paul Cook, with Tekkcomm, LLC " For the week of 11/17-11/23 I need any billing for non accounts in icoms so I can send into Intec to be paid. I need that by noon on Thursdays." (See Exhibit "I" attached hereto).

20. Tekkcomm, LLC. was served by certified mail return receipt requested on May 30, 2019, through its registered agent, United States Corporation Agents, Inc., 1100 Poydras St., Ste. 2900, New Orleans, Louisiana 70163. (See Exhibit "J" attached hereto).

21. The owner of Tekkcomm, LLC. is Paul Cook, who is now Director of Technical Operations at Intec Communications. (See Exhibit "K" attached hereto).

22. The list of jobs came from Paul Cook, Ethan Barkley, and/or Mike Bynum, who were employed by the Defendants.

23. The declarations of Donald Lee and Roy Giessen attached hereto as Exhibit "L", reflect who they were employed by.

24. The materials needed for the jobs to be performed were supplied by Suddenlink Communications.

**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 5**

25. Plaintiffs would put in a material supply list every Sunday, and pick up the needed material at Suddenlink Communications, in Tyler, Texas.

26. Plaintiffs were not paid for picking up supplies.

27. Defendants would provide the addresses in which the work was to be completed.

28. Plaintiffs would then drive to said addresses, and install either aerial or temporary underground drops from fiber enclosures to the residents houses.

29. Plaintiffs were not paid for driving to the locations at which they worked.

30. Plaintiffs were not reimbursed for the expenses of travel to the locations at which they worked.

31. Plaintiffs would also have to verify light levels at completed locations, pursuant to requests from Suddenlink Communications.

32. If Plaintiffs received a call from Paul Cook, Ethan Berkley, and/or Mike Bynum regarding an outage, Plaintiffs would immediately stop their work, and attempt to resolve the problem.

33. Plaintiffs were not allowed to work for any other contractor or company, only Suddenlink Communications.

34. Plaintiffs do not have all communications between Plaintiffs and the Defendants, which said communications are in the control and possession of the Defendants.

35. Plaintiffs usually worked approximately 60 hours a week.

36. Defendants did not keep track of the hours worked by Plaintiffs.

37. At all times relevant hereto, Defendants have been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

38. At all times relevant hereto, Defendants have been an employer subject to the wage and hour provisions of the FLSA.

**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 6**

39.    Defendants have  repeatedly and willfully violated, and continue  to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiffs  and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff  and others for all overtime hours worked.

40.    Plaintiffs were  employed in positions which are not exempt from the requirement that they be compensated for their  hours of work by the payment of straight time and overtime.  Defendants have repeatedly and consistently failed to pay Plaintiff  and others for all time worked and overtime hours.

41.    The evidence at trial will show that Plaintiffs and others were not paid for all hours worked.

42.  Plaintiffs believe, and thereby  allege  that the failure of Defendants  to pay for all hours worked and overtime hours to  Plaintiffs  was intentional.

43.  An employer that violates the FLSA is liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Moreover, "any person who repeatedly or willfully violates [the FLSA], relating to wages shall be subject to a civil penalty not to exceed $1,100 for each such violation." § 216(e)(2).

44. Defendants have repeatedly violated the Fair Labor Standards Act.

## REQUESTED RELIEF

45.    Plaintiffs have suffered and continue to suffer damages as a result of the Defendants failure and refusal to pay proper compensation, as shown above, because of the Defendants continued violations of the FLSA.  Plaintiffs are   entitled to judgment granting them  damages in the amount of  the difference between the partial wages actually received by the Plaintiffs  and the full wages they are  entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities, and attorney fees.

**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 7**

46. Plaintiffs, in addition for their claims for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

## JURY DEMAND

47.  Plaintiff  requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be granted:

1. Ordering the Defendants  to pay the Plaintiffs  compensation due as a result of Defendants violation of the FLSA;

2. Ordering Defendants to pay the Plaintiffs liquidated damages;

3. Ordering Defendants to pay the Plaintiffs a civil penalty not to exceed $1,100.00 for each violation of the FLSA.

4. Granting injunctive relief by ordering Defendants to comply with the requirements of the FSLA.

5. Ordering Defendants to pay Plaintiffs costs of court in this action;

6. Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

7. Providing such other and further relief as is just and necessary.

Respectfully submitted,


_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rule of Civil Procedure on this 16th    day of August, 2019.


___/S/_____
Bob Whitehurst

Brett Field
Attorney at Law
8350 N. Central Expy, Ste 1225
Dallas, Texas 75206
(fax) 1-972-861-5339
brett@strombergstock.com

**PLAINTIFFS THIRD  AMENDED COMPLAINT**
**Page 9**