Brett Field
State Bar No. 24050596
STROMBERG STOCK, P.L.L.C.
8350 North Central Expressway, Suite 1225
Dallas, Texas 75206
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: Brett@strombergstock.com
*Attorney for Defendant, Intec Communications, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ROY GIESSON and DONALD LEE,** | § § § | |
| Plaintiffs, | § § | CIVIL ACTION: 2:19-cv-00173-JRG |
| v. | § § | |
| **INTEC COMMUNICATIONS, LLC and TEKKCOMM, LLC** | § § § | |
| Defendants. | § | |

**INTEC COMMUNICATIONS, LLC'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant **INTEC COMMUNICATIONS, LLC** ("Intec") files this objection to Plaintiffs' Third Amended Complaint and respectfully shows the Court as follows:

### I. INTRODUCTION AND SUMMARY OF MOTION

1. Plaintiffs **ROY GIESSON and DONALD LEE** (collectively as "Plaintiffs") attempt yet again to delay the Court's review of Intec's Motion to Dismiss and/or its Amended Motion to Dismiss (collectively as the "Dismissal Motions") by filing their Third Amended Complaint in this lawsuit, but without seeking leave of Court for any of the amended pleadings. The Court strike the Third Amended Complaint and rule on Intec's Dismissal Motions before any

additional pleadings are permitted to be filed, as leave for further amendment would be unfairly prejudicial.

## II. BACKGROUND FACTS

2. Plaintiffs assert they were jointly employed by the Defendants (See Plaintiffs' Complaint, ¶6), which Intec disputes. Plaintiffs assert they were not paid for certain time spent working, were not reimbursed for expenses, were not paid overtime pay, and seek recovery of damages under the Fair Labor Standards Act (See Plaintiffs' Complaint ¶¶ 1, 14, 15, 23).

3. Intec filed a Motion to Dismiss the Plaintiff's Complaint and a Brief in Support on June 14, 2019 (See Document Nos. 3 and 4 on the Court's docket), and Plaintiffs then amended their complaint without leave of court by filing their Amended Complaint on June 22, 2019 (See Document No. 5 on the Court's docket). Plaintiffs subsequently filed their Second Amended Complaint, again without seeking leave of Court, on August 7, 2019 (See Document No. 8 on the Court's docket). Intec filed an Amended Motion to Dismiss in which it asserted the Plaintiffs' pleadings are still defective (See Document No. 9 on the Court's docket). Plaintiffs then filed their Third Amended Complaint, again without seeking leave of Court, in an apparent attempt to avoid a ruling on the Motions to Dismiss (See Document No. 13 on the Court's docket).

## III. ARGUMENT AND AUTHORITIES

**A. Standard for Motion for Leave to File Amended Pleadings and Addressing a Motion to Dismiss.**

4. A party may amend the party's pleading <u>only by leave of the court or by written consent of the adverse party</u>; and leave shall be freely given when justice so requires. *See* FED. R. CIV. P. 15(a) (emphasis added). However, the discretion to grant leave to amend is not unrestricted; leave to amend "is by no means automatic" (*Southern Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993)) (holding that the attempt to "present theories of

recovery seriatum to the district court" is grounds for denial), and the district court has discretion to deny the request if a plaintiffs' delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. *Id.* The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

5. Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint. *Breaux v. Bollinger Shipyards, LLC*, No. 16-2331, 2017 U.S. Dist. LEXIS 42910, at *23 (E.D. La. 2017). In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Id.*

### B. Plaintiffs' Third Amended Complaint Should be Stricken.

6. While, if Plaintiffs actually sought it, this Court could grant leave to amend, the Plaintiffs have made no effort in any of the previous versions of the Complaint to cure the deficiencies asserted by Intec. *See Breaux* 2017 U.S. Dist. LEXIS 42910 at *23. Thus, it appears that granting leave to amend to file another Amended Petition would be, at this point, futile. A court has the discretion to deny leave to amend where there are "repeated failures to cure deficiencies by amendments previously allowed" or where amendment is futile. *See Little v.*

*Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Plaintiffs have been made aware through Intec's Motions to Dismiss of incurable defects in their claims, including Plaintiffs' own assertions that they worked for Suddenlink Communications, a third-party which has not been named in this lawsuit, and were prevented from working for any other contractor or company (See Plaintiffs' Second Amended Complaint, ¶ 29), thereby negating their own claims that they were employed by the Defendants.

7. Plaintiffs' failure to seek leave of court before filing its Amended Petitions is prejudicial to Intec because it is not being given a chance to have the Court determine the merits of the Motion to Dismiss. Intec therefore moves this Court to strike the Third Amended Complaint and not grant leave for an amended pleading until such time as the Court has had the opportunity to rule on the Motions to Dismiss. *See, e.g. Schmidt v. U.S.*, 749 F.3d 1064, 1068-69 (D.C. Cir.2014)(court properly denied leave to amend when Plaintiffs did not receive consent or leave to amend).

## IV. CONCLUSION AND PRAYER

Intec thus prays that the Court Strike the Third Amended Complaint and not grant leave for further amendments to the pleadings until such time as the Court has had an opportunity to rule on the Dismissal Motions.

Respectfully submitted,

**STROMBERG STOCK, PLLC**

*/s/ Brett Field*
Brett Field
State Bar No. 24050596
8350 North Central Expressway, Suite 1225
Dallas, Texas 75206
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
**ATTORNEYS FOR INTEC COMMUNICATIONS, LLC**

## CERTIFICATE OF CONFERENCE

This is to certify that on August 22, 2019, counsel for Intec, Brett Field, conferred with counsel for Plaintiffs, Bob Whitehurst, and Plaintiff's counsel is opposed to the relief sought in this Motion.

*/s/ Brett Field*
Brett Field

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record on August 22, 2019 via CM/ECF in accordance with the Federal Rules of Civil Procedure.

*/s/ Brett Field*
Brett Field

OBJECTION TO AND MOTION TO STRIKE
PLAINTIFFS' THIRD AMENDED COMPLAINT